HENRY MOOS, PLAINTIFF, v. CHARLES L. O'REILLY, DEFENDANT.

Argued May term, 1934—Decided June 22, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the applicant, *Meehan Brothers.*

*Contra, Abraham Lieberman.*

PER CURIAM.

Plaintiff caused a writ of attachment to be issued out of the Hudson County Circuit Court directed against the assets of the defendant, Charles L. O'Reilly. The sheriff attached moneys on deposit in the Commercial Trust Company standing in the name of Charles L. O'Reilly. Thereupon the G. O. K. Enterprise, Incorporated, served a notice claiming to be the owner of the moneys and requesting that a jury be summoned to try the title and agreeing to be bound by the finding of said jury. Accordingly, a trial for the claim of property was had, and the jury rendered a verdict that the moneys were the property of Charles L. O'Reilly and not the property of the G. O. K. Enterprise, Incorporated.

Immediately thereafter the G. O. K. Enterprise, Incorporated, filed a bill in Chancery praying that all parties be restrained from proceeding against the moneys or from filing the verdict of the sheriff's jury, and that it be decreed that O'Reilly held the funds in trust for the G. O. K. Enterprise, Incorporated.

The Court of Chancery decreed that the moneys on deposit were the property of the claimant and restraining the plaintiff. From that decree an appeal was taken to the Court of Errors and Appeals and the decree of the Court of Chancery was reversed. Thereafter an application was made by the claimant G. O. K. Enterprise, Incorporated, to the Chief Justice for a writ of *certiorari* to review the finding of the jury on the claim of property. He denied the application. Now comes the claimant and applies to this court for a writ.

We think the application should be denied. The contention of the claimant in support of his application is that the plaintiff offered no evidence which would justify a finding that the money was the property of Charles L. O'Reilly. That contention we think is unfounded in point of fact. The fact is that there was ample evidence, particularly documentary evidence, supporting the finding of the sheriff's jury.

The result is that the application for a writ of *certiorari* will be denied, with costs on this motion.